IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALVAIR DESOUSA : CIVIL ACTION
:
v. : No. 11-5380
:
THE CITY OF PHILADELPHIA, et al. :

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                       March 8, 2013

Pro se Plaintiff Alvair DeSousa has filed an Amended Complaint in this civil rights action. Defendants East River Bank and Frank Toohey, the only Defendants who have appeared in the case to date, ask this Court to dismiss DeSousa's Amended Complaint against them. For the reasons set forth below, the motion to dismiss will be granted.

**BACKGROUND**

DeSousa commenced this action in August 2011 by filing a civil rights Complaint against the City of Philadelphia, the Philadelphia Police Department, Detective Ackerman, and a host of other individuals and entities, including East River Bank and Toohey, alleging violations of his unspecified federal rights arising out of an April 2008 incident in which Ackerman and other officers executed search warrants at DeSousa's home and rental properties.[1] In his original Complaint, which he designated as a civil rights action, DeSousa alleged the officers damaged his real properties and seized or stole his personal property and cash during the search, and then allowed his real properties to be "ransacked by lower level Criminals working for the

---

[1] The remaining Defendants in the case are U.S. Immigrations and Customs Enforcement; Antoine Gardiner; Marian Braccia, Esquire; Anwar Motan; Jennifer Thompson; Jachin Greene; John and Charmain Thomas; Victor Security; Philadelphia Prison System; Commonwealth of Pennsylvania Board of Probation and Parole; Commonwealth of Pennsylvania Department of Corrections; Lackawanna County Prison; York County Prison; Corrections Corporation of America; Division of Immigration Health Services; David, Peter, Sheila, and Andrew Lax; Ming-Chen Pu a/k/a Jenny Pu; and Jermaine English.

Department." Compl. ¶ III.C. DeSousa also alleged the Police Department and Ackerman maliciously prosecuted him with the assistance of the remaining individual Defendants, who were indebted to DeSousa and were induced to participate in the conspiracy based on "the false promis[]e that 'if he [i.e., DeSousa] goes away the deb[]t will go with him . . . .'" *Id.* Finally, the original Complaint appeared to challenge the conditions of DeSousa's confinement while he was incarcerated, during which time he alleges he was prevented from obtaining medical treatment. *Id.* ¶ IV.

Although DeSousa filed proof of service in November 2011 as to many of the Defendants in the case, only East River Bank and Toohey responded to the Complaint, filing a motion to dismiss. On November 16, 2011, this Court granted the motion and dismissed DeSousa's claims against these Defendants, finding DeSousa had failed to state a plausible claim for relief against them pursuant to 42 U.S.C. § 1983 because the Complaint contained no factual allegations about them beyond identifying them as Defendants. In particular, the Court noted that although the Complaint alluded to an alleged conspiracy with the police to maliciously prosecute DeSousa, it included no facts regarding East River Bank's or Toohey's participation in the conspiracy. The Court granted DeSousa leave to file an Amended Complaint.

In December 2011, DeSousa submitted an Amended Complaint; however, he filed his amended pleading in Civil Action No. 11-3237, a related civil action which also bears the caption *DeSousa v. City of Philadelphia, et al.*[2] Upon realizing the Amended Complaint had been filed in the wrong case, this Court directed the Clerk of Court to re-file it in this Civil Action, and East River Bank and Toohey thereafter filed the instant motion to dismiss.

---

[2] East River Bank and Toohey are not named as Defendants in Civil Action No. 11-3237.

According to the Amended Complaint, DeSousa is the "legal owner and manager" of real properties located at 1906 Titan Street and 2027 Wharton Street in Philadelphia. Am. Compl. 1. In December 2007, Toohey, on behalf of East River Bank, conducted business transactions with DeSousa regarding these two properties, agreeing to lend DeSousa approximately 50 percent of the value of the properties to be used to remodel and sell them, with some portion of the funds to be placed in a separate account to be disbursed as construction developed.[3] At some point, allegedly as part of a conspiracy to violate DeSousa's civil rights, Toohey "refuse[d] to disburse the remaining balance agreed[] in the 'contract.'" *Id.* at 3. Toohey also "facilitated" the illegal recording of a phone conversation between DeSousa and East River Bank; provided false information that was used to arrest DeSousa; and harassed DeSousa's tenants, leading to vacancies and vandalism at his properties. *Id.* DeSousa also alleges Toohey has illegally confiscated his business and personal funds from a bank account. *Id.*

East River Bank and Toohey ask this Court to dismiss the Amended Complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing DeSousa has failed to sufficiently allege a civil rights conspiracy claim against them. DeSousa has not responded to the motion to date.

**DISCUSSION**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 660, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[3] The identity of the person to whom the loan was made is not entirely clear from the Amended Complaint. DeSousa asserts all parties involved in the transaction, including Toohey, with whom he negotiated the loan directly, knew the properties belonged to DeSousa, and contends his name was not on the loan purely due to "bureaucratic[] credit reasons." *Id.* at 2-3. The 2007 real estate appraisals for the properties attached to the Amended Complaint list the owner of public record as Victor M. Goncalves.

570 (2007)). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a Rule 12(b)(6) motion, a district court first should separate the legal and factual elements of the plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Where, as here, the plaintiff is proceeding pro se, "the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

The crux of DeSousa's claims against East River Bank and Toohey appears to be that they participated in a conspiracy to violate his civil rights. Defendants argue the Amended Complaint should be dismissed because it fails to allege an agreement between East River Bank and/or Toohey and any of the other Defendants to deprive DeSousa of his constitutional rights, as required to state a civil rights conspiracy claim.[4] The Court agrees.

"[T]o prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right . . . ." *Watson v. Sec'y Pa. Dep't of Corr.*, 436 F. App'x 131, 137 (3d Cir. 2011) (quoting *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999), *superseded by statute on*

---

[4] Defendants also assert civil rights claims must be pleaded with heightened factual specificity, but this is incorrect. *See Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004) (holding case law imposing a heightened pleading requirement for civil rights complaints "no longer retains vitality under the Federal Rules [of Civil Procedure]"). The Court will therefore evaluate DeSousa's Amended Complaint under the notice pleading standard of Federal Rule of Civil Procedure 8 and the generally applicable Rule 12(b)(6) standard set forth above.

4

*other grounds as stated in P.P. v. West Chester Area Sch. Dist.*, 585 F.3d 727, 730 (3d Cir. 2009)). "[T]he linchpin for conspiracy is agreement," *id.* (quoting *Bailey v. Bd. of Cnty. Comm'rs*, 956 F.2d 1112, 1122 (11th Cir. 1992)); therefore, to survive a motion to dismiss, a plaintiff asserting a civil rights conspiracy claim must "plead an actual agreement between the parties," *id.*; *see also Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred.").

Here, although DeSousa alludes to a conspiracy against him, which Toohey and East River Bank allegedly joined, *see* Am. Compl. 1 (alleging Toohey, representing East River Bank, "conspired with enemies of different orders to defraud and rob [DeSousa]"), 2-3 (referring to a conspiracy), he does not plead facts from which it can plausibly be inferred that East River Bank and/or Toohey entered into an agreement with any of the other Defendants to violate DeSousa's civil rights. *See Great W. Mining*, 615 F.3d at 178 (holding conclusory allegations of "a corrupt conspiracy," "an agreement," and "an understanding in place between [the parties]" were insufficient to plead a conspiracy claim). The Amended Complaint describes a real estate settlement in which certain other Defendants (Peter Lax and Antoine Gardner) participated, Am. Compl. ¶ 2-3, but does not suggest DeSousa's rights were violated at the settlement, much less that the participants in the settlement agreed to violate DeSousa's rights.[5] The Amended

---

[5] An agreement among the private actors at the settlement would not be actionable under § 1983 in any event. *See Max v. Republican Comm. of Lancaster Cnty.*, 587 F.3d 198, 203 (3d Cir. 2009) (holding "a private party can be liable under § 1983 if he or she willfully participates in a *joint conspiracy with state officials* to deprive a person of a constitutional right" (emphasis added)). Even if DeSousa's conspiracy claim were regarded as a claim pursuant to 42 U.S.C. § 1985(3), "in cases brought against private actors, § 1985(3) has traditionally been limited to a narrow set of circumstances," namely "'questions of interstate travel and involuntary servitude.'" *Schneller v. WCAU Channel 10*, 413 F. App'x 424, 427 (3d Cir. 2011) (quoting *Brown v. Philip Morris Inc.*, 250 F.3d 789, 806 (3d Cir. 2001)).

5

Complaint also alleges Toohey, "working with an 'officer' of another order," provided false information used to arrest DeSousa. Am. Compl. 3. Even apart from the vagueness of the reference to an "'officer' of another order," this allegation, too, falls short of alleging Toohey agreed with anyone to violate DeSousa's civil rights. The remaining allegations regarding Toohey and East River Bank concern Toohey's refusal to disburse loan proceeds in accordance with an alleged loan agreement and harassment of DeSousa's tenants, but such allegations cannot form the basis for a civil rights claim against these Defendants.

Because the Amended Complaint does not plead facts from which it can be inferred Toohey and/or East River Bank were parties to an agreement to violate DeSousa's civil rights, DeSousa's claims against these Defendants will be dismissed. Moreover, because this Court previously granted DeSousa leave to amend as to Toohey and East River Bank, and because there is no reason to believe he would be able to allege the requisite agreement if given a further opportunity to amend, the dismissal will be with prejudice.

An appropriate order follows.

                                                BY THE COURT:


                                                  /s/ Juan R. Sánchez
                                                Juan R. Sánchez